# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Connie Cummings

### DEFENDANTS

Progressive Advanced Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Montgomery County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cuyahoga County, OH
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Joseph S. Cullen, Jr., Esq.; Stark & Stark, PC
2 Caufield Place
Newtown, PA 18940

Attorneys *(If Known)*
Kristine M. Meindl, Esq.; Palmer & Barr, P.C.
1880 John F. Kennedy Blvd., Suite 401
Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332; and 28 U.S.C. Section 1441

Brief description of cause:
Pursuit of UIM Benefits

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
5/4/2026

SIGNATURE OF ATTORNEY OF RECORD
/s/Kristine M. Meindl

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction:___Lawrence Township, New Jersey_____

---

***RELATED CASE IF ANY:*** Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  **\*see certification below\***
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT
FOR THR EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Connie Cummings | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. |
| Progressive Advanced Insurance Company | : |

**<u>NOTICE OF REMOVAL</u>**

Defendant, Progressive Advanced Insurance Company, by and through its attorneys, PALMER & BARR, P.C., hereby respectfully file the Notice of Removal of this action, which is currently pending in the Pennsylvania Court of Common Pleas of Montgomery County, Case No. 2026-16712, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof aver as follows:

1. Plaintiff, Connie Cummings instituted this action against Defendant, Progressive Advanced Insurance Company (hereinafter "Progressive") on or about April 13, 2026, by filing a Civil Action Complaint in the Court of Common Pleas of Montgomery County. A copy of Plaintiff's Complaint is appended hereto as **<u>Exhibit 1</u>**.

2. Plaintiff's Complaint sets forth contractual claims against Progressive for underinsured motorist benefits.

3. Plaintiff's Complaint at paragraph 28 indicates a demand of $690,000.00. (See <u>Ex</u>. 1 at ¶ 28).

4. Plaintiff is an adult individual residing in Schwenksville, Montgomery County, Pennsylvania. (See <u>Ex</u>. 1 at ¶ 1). Therefore, Plaintiff is a citizen of the Commonwealth of Pennsylvania.

5. Progressive is a corporation formed and existing under the laws of the State of Ohio with its

principal place of business located in Mayfield Village, Ohio. Therefore, Progressive is a citizen of the State of Ohio.

6. The instant lawsuit is removable from State Court to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1332(a)(1) and Section 1441(a).

7. This is a suit of civil nature and involves a controversy between citizens of different states. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Progressive is a citizen of the State of Ohio.

8. Progressive files this Notice of Removal pursuant to 28 U.S.C. § 1446(b).

9. This Notice of Removal is timely being filed within thirty (30) days of service of the Complaint upon Progressive. A copy of the filed Certificate of Service is appended hereto as **Exhibit 2**.

10. This Civil Action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, because there exists diversity of citizenship between the parties, and the amount in controversy is in excess of $75,000 exclusive of interest and costs.

11. Written notice of the filing of this Notice of Removal has been given to all adverse parties in accordance with 28 U.S.C. § 1446(d), and is noted in the Certificate of Service attached hereto.

12. Pursuant to 28 U.S.C. § 1446(d), Progressive has filed this Notice with this Court and is simultaneously serving a copy of this Notice upon counsel for all parties, and is filing a copy in the Court of Common Pleas of Montgomery County, Pennsylvania.

**WHEREFORE**, Defendant, Progressive Advanced Insurance Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States.

**PALMER & BARR, P.C.**

By:  */s/Kristine M. Meindl*

Kristine M. Meindl, Esquire
Attorney Identification No. 91109
1880 John F. Kennedy Boulevard
Suite 401
Philadelphia, PA 19103
Phone: (215) 557-0222
Fax:(215) 557-0225
kristine.meindl@palmerbarr.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THR EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Connie Cummings | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. |
| Progressive Advanced Insurance Company | : |

**NOTICE TO PLAINTIFF**

TO:    Connie Cummings
       c/o Joseph A. Cullen, Jr., Esquire
       STARK & STARK, P.C.
       2 Caufield Place
       Newtown, PA 18940

Please take notice that Defendant, Progressive Advanced Insurance Company, by and through its attorneys PALMER & BARR, P.C., has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania regarding an action previously pending in the Court of Common Montgomery of Philadelphia County, No. 2026-06712, captioned Connie Cummings v. Progressive Advanced Insurance Company.

                              **PALMER & BARR, P.C.**

              By:    /s/Kristine M. Meindl
                     Kristine M. Meindl, Esquire
                     Attorney Identification No. 91109
                     1880 John F. Kennedy Boulevard
                     Suite 401
                     Philadelphia, PA 19103
                     Phone: (215) 557-0222
                     Fax:(215) 557-0225
                     kristine.meindl@palmerbarr.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Connie Cummings | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. |
| Progressive Advanced Insurance Company | : | |

## PROOF OF FILING

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

Kristine M. Meindl, Esquire, being duly sworn according to law, deposes and says that she is a Partner of the law firm of PALMER & BARR, P,C., attorneys for Defendant, Progressive Advanced Insurance Company, and that she did direct the filing with the Prothonotary of Mongomery County a copy of the Notice of Removal attached hereto, said filing to be made on May 4, 2026, by electronic filing.

**PALMER & BARR, P.C.**

By*:*  /s/Kristine M. Meindl

Kristine M. Meindl, Esquire
Attorney Identification No. 91109
1880 John F. Kennedy Boulevard
Suite 401
Philadelphia, PA 19103
Phone: (215) 557-0222
Fax:(215) 557-0225
kristine.meindl@palmerbarr.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THR EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Connie Cummings | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. |
| Progressive Advanced Insurance Company | : |

## CERTIFICATE OF SERVICE

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF PHILADELPHIA

I, Kristine M. Meindl, Esquire, being duly sworn according to law, hereby certify that a true and correct copy of Notice of Removal was forwarded to/served upon the following counsel and unrepresented parties electronically by the E-Filing System or by email/facsimile/United States First Class Mail if counsel or the unrepresented party does not participate in E-Filing on the date of the E-Filing Acceptance of the document.

TO:    Connie Cummings
       c/o Joseph A. Cullen, Jr., Esquire
       STARK & STARK, P.C.
       2 Caufield Place
       Newtown, PA 18940

                              **PALMER & BARR, P.C.**

                  By:    /s/Kristine M. Meindl

                         Kristine M. Meindl, Esquire
                         Attorney Identification No. 91109
                         1880 John F. Kennedy Boulevard
                         Suite 401
                         Philadelphia, PA 19103
                         Phone: (215) 557-0222
                         Fax:(215) 557-0225
                         kristine.meindl@palmerbarr.com

# Exhibit 1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

CONNIE S CUMMINGS

vs.

PROGRESSIVE ADVANCED INSURANCE COMPANY

NO. 2026-06712

## <u>NOTICE TO DEFEND – CIVIL</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

CONNIE S CUMMINGS

vs.

PROGRESSIVE ADVANCED INSURANCE COMPANY

NO.  2026-06712

## CIVIL COVER SHEET

State Rule 205.5 requires this form be attached to any document <u>commencing an action</u> in the Montgomery County Court of Common Pleas.  The information provided herein is used solely as  an aid in tracking cases in the court system.  This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.

Name of Plaintiff/Appellant's Attorney:     JOSEPH A CULLEN JR, ESQ., ID: 82167

Self-Represented (Pro Se) Litigant [ ]

**Class Action Suit**     [ ] Yes     [X] No

**MDJ Appeal**     [ ] Yes     [X] No          **Money Damages Requested** [X]

**Commencement of Action**:          **Amount in Controversy**:

Complaint          More than $50,000

## Case Type and Code

Tort:

Motor Vehicle

**Other:**

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**STARK & STARK, P.C.**
BY:   Joseph A. Cullen, Jr., Esquire
Attorney I.D. No. 82167
2 Caufield Place
Newtown, PA 18940                                     *Attorneys for Plaintiff*
Telephone: (267) 907-9600
Facsimile:  (267) 907-9659
*jcullen@stark-stark.com*

| | |
|---|---|
| **CONNIE CUMMINGS**<br>**582 Schwenksville Road**<br>**Schwenksville, PA 19473**<br><br>                         *Plaintiff*<br>   **Vs.**<br><br>**PROGRESSIVE ADVANCED**<br>**INSURANCE COMPANY**<br>**300 North Commons Blvd.**<br>**Mayfield Village, OH 44143**<br><br>                              **Defendant** | **MONTGOMERY COUNTY**<br>**COURT OF COMMON PLEAS**<br><br><br><br><br><br>**No.:** |

## NOTICE TO DEFEND

You have been sued in Court If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THESE PAPERS TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERRAL SERVICE
Montgomery County Bar Association
100 W. Airy Street
Norristown, PA 19401
(610)279-9660

4906-4258-6527, v. 1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**STARK & STARK, P.C.**
BY:   Joseph A. Cullen, Jr., Esquire
Attorney I.D. No. 82167
2 Caufield Place
Newtown, PA 18940                                             *Attorneys for Plaintiff*
Telephone: (267) 907-9600
Facsimile:  (267) 907-9659
*jcullen@stark-stark.com*

|  |  |
|---|---|
| **CONNIE CUMMINGS** : <br> **582 Schwenksville Road** : <br> **Schwenksville, PA 19473** : <br> : <br> *Plaintiff* : <br> **Vs.** : <br> : <br> **PROGRESSIVE ADVANCED** : <br> **INSURANCE COMPANY** : <br> **300 North Commons Blvd.** : <br> **Mayfield Village, OH 44143** : <br> : <br> **Defendant** : | **MONTGOMERY COUNTY** <br> **COURT OF COMMON PLEAS** <br><br><br><br><br><br> **No.:** |

## CIVIL ACTION COMPLAINT

AND NOW, comes the Plaintiff, Connie Cummings, by her attorneys, Stark & Stark, and Joseph A. Cullen, Jr., Esquire, and files the following Complaint:

1.      Plaintiff, Connie Cummings, is an adult individual residing at 582 Schwenksville Road, Schwenksville, PA 19473.

2.      Defendant, Progressive Advanced Insurance Company, hereinafter ("Progressive") is a corporation who regularly conducts business in Commonwealth of Pennsylvania with a registered office for service at 300 North Commons Blvd., Mayfield Village, OH 44143.

3.      Defendant, Progressive regularly and systematically conducts business in the Commonwealth of Pennsylvania, specifically Montgomery County, Pennsylvania.

4.      At all times relevant hereto, Defendant, Progressive was authorized to conduct business and issue policies of insurance in the Commonwealth of Pennsylvania.

4906-4258-6527, v. 1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

5.     On or about May 22, 2024, Plaintiff was involved in a motor vehicle accident with a third-party tortfeasor in Lawrence Township, New Jersey.

6.     The third-party tortfeasor rear ended the Plaintiff's vehicle at a high rate of speed.

7.     As a direct and proximate result of the aforesaid negligence and carelessness of the tortfeasor, the Plaintiff sustained severe and permanent injuries to her head, neck, upper back, and lower back including but not limited to a cervical spine disc herniation at C5-C6 with stenosis and nerve root compression casing cervical spine radiculopathy requiring surgical decompression and C5-C6 arthroplasty surgical intervention with resultant scarring and voice issues; posttraumatic cervicogenic headaches; lumbar disc herniation at L3-L4; lumbar facet syndrome; lumbar radiculopathy; strains and sprains of the cervical and lumbar spine.

8.     As a direct and proximate result of the negligence of the tortfeasor, Plaintiff was required and will continue to require medical treatment into the future.

9.     As a direct and proximate result of the negligence of the tortfeasor, Plaintiff has incurred medical expenses and will continue to incur medical expenses for the care and treatment of her injuries for an indefinite time into the future.

10.     As a direct and proximate result of the negligence of the tortfeasor, Plaintiff has suffered and will continue to suffer from pain, discomfort, inconvenience, anxiety, embarrassment, the inability to engage in her usual activities and the deprivation of the ordinary and usual enjoyment of life and life's pleasures.

11.     At the time of the collision, the tortfeasor was operating a vehicle insured by Personal Service Insurance with bodily injury liability protection limits in the amount of $10,000 per accident. This policy was tendered by Personal Service Insurance Company.

12.     The tortfeasor's bodily injury policy limits were not adequate to compensate the Plaintiff for the injuries she sustained as a result of the subject accident.

4906-4258-6527, v. 1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

13.    At the time of the accident, the Plaintiff was an operator of a motor vehicle which was insured by the Defendant.  See Exhibit "A".

14.    The named insured on the applicable Progressive policy was Dale W. Cummings.

15.    At all times material hereto, Dale W. Cummings was the legal spouse of the Plaintiff.

16.    At all times material hereto, Plaintiff was an insured under the policy.

17.    As a result of the above-noted incident, the Plaintiff is eligible for underinsured motorist benefits under the contract for insurance between Plaintiff and Defendant.

18.    The applicable Defendant policy provides for underinsured motorist benefits of at least $750,000.00.

19.    Pursuant to the policy, specifically the INSURING AGREEMENT in the Uninsured/Underinsured Motorist Endorsement, it is provided that, "we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an underinsured motor vehicle."

20.    Underinsured motor vehicle is defined in the Uninsured/Underinsured Motorist Endorsement as "a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident, but the sum of all applicable limits of liability for **bodily injury** is less than the damages that an **insured person** is entitled to recover from the owner or operator of the motor vehicle because of **bodily injury**."

21.    At the time that Dale W. Cummings purchased the Progressive policy, he selected to purchase bodily injury limits in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania in order to protect himself and/or the relatives living in his household if bodily injury incurred as a result of someone else's negligence.

4906-4258-6527, v. 1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

22.     As a result of Dale W. Cummings' election of bodily injury liability limits in an amount greater than the minimum coverage required by law, premiums were paid, and Defendant accepted, increased premium payments.

23.     At the time that the Defendant's policy was issued, underinsured motorist benefits were purchased.

24.     As a result of the selection of underinsured motorist benefits, through Defendant, payments were made and the Defendant accepted, increased premium payments.

25.     In November 2024, counsel for Plaintiff advised Defendant of Plaintiff's intention to pursue an underinsured motorist claim.

26.     On November 3, 2024, Plaintiff, through her counsel, provided to Defendant copies of medical records and reports concerning Plaintiff's condition, treatment and prognosis.

27.     As Plaintiff continued to receive medical treatment for her severe injuries, Plaintiff, through her counsel, continued to provide Defendant copies of medical records and reports concerning Plaintiff's condition, treatment and prognosis.

28.     Plaintiff demanded $750,000.00 in underinsured motorist benefits based upon Plaintiff's injuries including the injuries as reflected in the various medical records; however the last demand of Plaintiff in the negotiations was $690,000.00.

29.     The medical records provided to the Defendant establish that Plaintiff suffered significant injuries as a direct result of the subject crash.

30.     The medical records provided to the Defendant further establish that Plaintiff has had significant medical treatment and will continue to need medical treatment in the future.

31.     In November 2024, Defendant, through their insurance adjuster consented to the settlement against the third party.

4906-4258-6527, v. 1

32.    Plaintiff has fully complied with all the terms, conditions and duties required under Defendant's policy.

33.    Despite being provided with all of the medical records, Defendant has failed to fairly and objectively evaluate Plaintiff's claims.

34.    Upon completion of their evaluation and after several negotiations, Defendant communicated a settlement offer of $152,000.00.

35.    The last offer of Defendant was $175,000.00 which does not represent reasonable and fair value of Plaintiff's claim in light of the documents provided.

36.    Defendant failed to reasonably investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious and permanent injuries.

37.    Plaintiff is owed by Defendant a contractual and statutory obligation to investigate, evaluate and negotiate the underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

38.    For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

**WHEREFORE**, Plaintiff seeks judgement in her favor and against the Defendant for the amount of coverage available under the policy, as well as interest, costs of suit, attorney's fees and such other relief as this Honorable Court deems just and proper.

## COUNT I
## BREACH OF CONTRACT

### Connie Cummings v. Progressive Advanced Insurance Company

39.    Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

40.    Plaintiff has fully complied with all the terms, conditions and duties required under the

4906-4258-6527, v. 1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

insurance policy.

41.    Defendant has failed to evaluate objectively and fairly the Plaintiff's claims.

42.    Defendant has failed to promptly offer payment of the reasonable and fair value of the claim to the Plaintiff.

43.    Defendant failed to reasonably investigate Plaintiff's Claims inasmuch as a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries.

44.    Plaintiff is owed by Defendant, a contractual and statutory obligation to investigate, evaluate and negotiate and underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

45.    For reasons set forth above, Defendant has violated its obligations under the policy of insurance.

**WHEREFORE,** Plaintiff seeks judgement in her favor and against the Defendant for the amount of coverage available under the policy, as well as interest, costs of suit, attorney's fees and such other relief as this Honorable Court deems just and proper.

**STARK & STARK, P.C.**

A Professional Corporation

BY: *Joseph A. Cullen, Jr.*

Joseph A. Cullen, Jr., Esquire

Dated: 04-10-2026    ***Attorney for Plaintiff***

4906-4258-6527, v. 1

Vinesign Document ID: 1E8FBEA8-7B27-488B-A33E-43BA671D4C2A

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Connie S. Cummings, hereby state that I am a Plaintiff in this action and verify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information and belief; and that this Verification is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification to authorities.

_____
CONNIE S. CUMMINGS

The signed document can be validated at https://app.vinesign.com/Verify

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT A

4914-7398-2786, v. 1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9611A PA 0216



# PENNSYLVANIA
## AUTO POLICY

THIS POLICY, THE **DECLARATIONS PAGE, YOUR** INSURANCE APPLICATION, AND ANY APPLICABLE ENDORSEMENTS CONTAIN THE TERMS OF THE CONTRACT OF INSURANCE BETWEEN **US** AND THE **POLICYHOLDER.**

NOTICE: IF YOU BUY COLLISION COVERAGE, IT DOES NOT APPLY TO AUTOS RENTED FOR SIX MONTHS OR MORE.



Form 9611A PA (02/16)
version 2.0



*PROGRESSIVE*
*AUTO*

# CONTENTS

**INSURING AGREEMENT** ......................................................................... 1

**GENERAL DEFINITIONS** ..................................................................... 1

**PART I—LIABILITY TO OTHERS**
Insuring Agreement ...........................................................................3
Additional Definition .........................................................................3
Additional Payments.........................................................................3
Exclusions .......................................................................................4
Limits of Liability..............................................................................5
Financial Responsibility Laws .........................................................6
Other Insurance ..............................................................................6
Out-of-State Coverage ....................................................................6

**PART II—FIRST PARTY BENEFITS COVERAGE**
Insuring Agreement—First Party Benefits Coverage.......................7
Insuring Agreement—Combination First Party Benefits Coverage.............7
Insuring Agreement—Extraordinary Medical Benefits Coverage ...............7
Additional Definitions........................................................................8
Exclusions .......................................................................................9
Limits of Liability..............................................................................10
Other Insurance ..............................................................................10
Priority of Policies............................................................................11

**PART III—UNINSURED/UNDERINSURED MOTORIST COVERAGE**
Insuring Agreement—Uninsured Motorist Coverage.......................11
Insuring Agreement—Underinsured Motorist Coverage..................12
Additional Definitions........................................................................12
Exclusions .......................................................................................14
Limits of Liability..............................................................................14
Other Insurance ..............................................................................16

**PART IV—DAMAGE TO A VEHICLE**
Insuring Agreement—Collision Coverage .......................................16
Insuring Agreement—Comprehensive Coverage ............................17
Insuring Agreement—Additional Custom Parts or
   Equipment Coverage ....................................................................17
Insuring Agreement—Rental Reimbursement Coverage.................18
Insuring Agreement—Loan/Lease Payoff Coverage .......................18
Insuring Agreement—Pet Injury Coverage ....................................19
Additional Definitions........................................................................19
Exclusions .......................................................................................20
Limits of Liability..............................................................................21
Payment of Loss..............................................................................22
No Benefit to Bailee ........................................................................23
Loss Payable Clause.......................................................................23

i

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Other Sources of Recovery.................................................................23
Appraisal ...........................................................................................23

## PART V—ROADSIDE ASSISTANCE COVERAGE

Insuring Agreement ...........................................................................24
Additional Definitions.........................................................................24
Exclusions .........................................................................................24
Unauthorized Service Provider...........................................................25
Other Insurance .................................................................................25

## PART VI—DUTIES IN CASE OF AN ACCIDENT OR LOSS.........................25

## PART VII—GENERAL PROVISIONS

Policy Period and Territory..................................................................26
Changes.............................................................................................26
Duty to Report Changes .....................................................................27
Settlement of Claims ..........................................................................27
Terms of Policy Conformed to Statutes ...............................................27
Transfer of Interest ............................................................................27
Fraud or Misrepresentation ................................................................28
Payment of Premium and Fees ..........................................................28
Cancellation ......................................................................................29
Cancellation Refund...........................................................................29
Nonrenewal .......................................................................................30
Automatic Termination........................................................................30
Legal Action Against Us......................................................................30
Our Rights to Recover Payment..........................................................30
Joint and Individual Interests..............................................................31
Bankruptcy ........................................................................................31

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## PENNSYLVANIA AUTO POLICY

## INSURING AGREEMENT

In return for **your** payment of the premium, **we** agree to insure **you** subject to all the terms, conditions and limitations of this policy. **We** will insure **you** for the coverages and the limits of liability shown on this policy's **declarations page. Your** policy consists of the policy contract, **your** insurance application, the **declarations page**, and all endorsements to this policy.

## GENERAL DEFINITIONS

The following definitions apply throughout the policy. Defined terms are printed in boldface type and have the same meaning whether in the singular, plural, or any other form.

1.  "**Additional auto**" means an **auto you** become the owner of during the policy period that does not permanently replace an **auto** shown on the **declarations page** if:
    a.  **we** insure all other **autos you** own;
    b.  the **additional auto** is not covered by any other insurance policy;
    c.  **you** notify **us** within 30 days of becoming the owner of the **additional auto**; and
    d.  **you** pay any additional premium due.
    An **additional auto** will have the broadest coverage **we** provide for any **auto** shown on the **declarations page**. If **you** ask **us** to insure an **additional auto** more than 30 days after **you** become the owner, any coverage **we** provide will begin at the time **you** request coverage.
2.  "**Auto**" means a land motor vehicle:
    a.  of the private passenger, pickup body, or cargo van type;
    b.  designed for operation principally upon public roads;
    c.  with at least four wheels; and
    d.  with a gross vehicle weight rating of 12,000 pounds or less, according to the manufacturer's specifications.
    However, "**auto**" does not include step-vans, parcel delivery vans, or cargo cutaway vans or other vans with cabs separate from the cargo area.
3.  "**Auto business**" means the business of selling, leasing, repairing, parking, storing, servicing, delivering or testing vehicles.
4.  "**Bodily injury**" means bodily harm, sickness, or disease, including death that results from bodily harm, sickness, or disease.
5.  "**Covered auto**" means:
    a.  any **auto** or **trailer** shown on the **declarations page** for the coverages applicable to that **auto** or **trailer**;
    b.  any **additional auto**;
    c.  any **replacement auto**; or
    d.  a **trailer** owned by **you**.
6.  "**Declarations page**" means the document showing **your** coverages, limits of liability, **covered autos**, premium, and other policy-related information. The **declarations page** may also be referred to as the Auto Insurance Coverage Summary.

1

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

*Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.*

7. "**Occupying**" means in, on, entering or exiting.

8. "**Personal vehicle sharing program**" means a system or process, operated by a business, organization, network, group, or individual, that facilitates the sharing of private passenger motor vehicles for use by individuals, businesses, or other entities.

9. "**Property damage**" means physical damage to, destruction of, or loss of use of, tangible property.

10. "**Rated resident**" means a person residing in the same household as **you** at the time of the loss who is not a **relative**, but only if that person is both:
    a. listed in the "Drivers and household residents" section on the **declarations page**; and
    b. not designated as either an "Excluded" or a "List Only" driver.

11. "**Relative**" means:
    a. a person residing in the same household as **you**, and related to **you** by blood, marriage or adoption, and includes a ward, stepchild, or foster child;
    b. a minor child in the custody of:
       (i) **you**; or
       (ii) a person residing in **your** household who is related to **you**; or
    c. **your** unmarried dependent children temporarily away from home will qualify as a **relative** if they intend to continue to reside in **your** household.

12. "**Replacement auto**" means an **auto** that permanently replaces an **auto** shown on the **declarations page**. A **replacement auto** will have the same coverage as the **auto** it replaces if the **replacement auto** is not covered by any other insurance policy. However, if the **auto** being replaced had coverage under Part IV—Damage To A Vehicle, such coverage will apply to the **replacement auto** only during the first 30 days after **you** become the owner unless **you** notify **us** within that 30-day period that **you** want **us** to extend coverage beyond the initial 30 days. If the **auto** being replaced did not have coverage under Part IV—Damage To A Vehicle, such coverage may be added, but the **replacement auto** will have no coverage under Part IV until **you** notify **us** of the **replacement auto** and ask **us** to add the coverage.

13. "**Ride-sharing activity**" means the use of any vehicle to provide transportation of persons or property in connection with a **transportation network company** from the time a user logs on to, or signs in to, any online-enabled application, software, website or system until the time the user logs out of, or signs off of, any such online-enabled application, software, website or system, whether or not the user has accepted any passenger(s) or delivery assignment, including the time the user is on the way to pick up any passenger(s) or property, or is transporting any passenger(s) or property.

14. "**Trailer**" means a non-motorized trailer, including a farm wagon or farm implement, designed to be towed on public roads by an **auto** and not being used:
    a. for commercial purposes;
    b. as an office, store, or for display purposes; or
    c. as a passenger conveyance.

15. "**Transportation network company**" means a corporation, partnership, sole proprietorship, or other entity that uses any online-enabled application, software,

2

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

website or system to connect drivers with clients or passengers to facilitate and/or provide transportation or delivery services for compensation or a fee.

16. "**We**," "**us**" and "**our**" mean the underwriting company providing the insurance, as shown on the **declarations page**.

17. "**You**" and "**your**" mean:
   a. a person shown as a named insured on the **declarations page**; and
   b. the spouse of a named insured if residing in the same household at the time of the loss.

## PART I—LIABILITY TO OTHERS

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

**We** will settle or defend, at **our** option, any claim for damages covered by this Part I.

### ADDITIONAL DEFINITION

When used in this Part I:
"**Insured person**" means:
   a. **you**, a **relative**, or a **rated resident** with respect to an accident arising out of the ownership, maintenance or use of an **auto** or a **trailer**;
   b. any person with respect to an accident arising out of that person's use of a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**;
   c. any person or organization with respect only to vicarious liability for the acts or omissions of a person described in a. or b. above; and
   d. any "Additional Interest" shown on the **declarations page** with respect only to its liability for the acts or omissions of a person described in a. or b. above.

### ADDITIONAL PAYMENTS

In addition to **our** limit of liability, **we** will pay for an **insured person**:
   1. all expenses **we** incur in the settlement of any claim or defense of any lawsuit;
   2. the premium on any appeal bond or attachment bond required in any lawsuit **we** defend. **We** have no duty to purchase a bond in an amount exceeding **our** limit of liability, and **we** have no duty to apply for or furnish these bonds;
   3. up to $250 for a bail bond required because of an accident resulting in **bodily injury** or **property damage** covered under this Part I. **We** have no duty to apply for or furnish this bond; and
   4. reasonable expenses, including loss of earnings up to $200 per day, incurred at **our** request.

3

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.**

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for:

1. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle or trailer while being used:
   a. to carry persons or property for compensation or a fee;
   b. for retail or wholesale delivery, including, but not limited to, the pickup, transport or delivery of magazines, newspapers, mail or food; or
   c. for **ride-sharing activity**.
   This exclusion does not apply to shared-expense car pools;
2. any liability assumed under any contract or agreement by **you**, a **relative**, or a **rated resident**;
3. **bodily injury** to an employee of that **insured person** arising out of or within the course of employment. This exclusion does not apply to domestic employees if benefits are neither paid nor required to be provided under workers' compensation, disability benefits, or similar laws;
4. **bodily injury** or **property damage** arising out of an accident involving any vehicle while being maintained or used by a person while employed or engaged in any **auto business**. This exclusion does not apply to **you**, a **relative**, a **rated resident**, or an agent or employee of **you**, a **relative**, or a **rated resident**, when using a **covered auto**;
5. **bodily injury** or **property damage** resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed or demolition contest or activity; or
   b. any driving activity conducted on a permanent or temporary racetrack or racecourse;
6. **bodily injury** or **property damage** due to a nuclear reaction or radiation;
7. **bodily injury** or **property damage** for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;
8. any obligation for which the United States Government is liable under the Federal Tort Claims Act;
9. **bodily injury** or **property damage** caused by an intentional act of that **insured person**, or at the direction of that **insured person**, even if the actual injury or damage is different than that which was intended or expected;
10. **property damage** to any property owned by, rented to, being transported by, used by, or in the charge of that **insured person**. This exclusion does not apply to a rented residence or a rented garage;
11. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle owned by **you** or furnished or available for **your** regular use, other than a **covered auto** for which this coverage has been purchased;
12. **bodily injury** or **property damage** arising out of the ownership, maintenance or use of any vehicle owned by a **relative** or a **rated resident** or furnished or available

4

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

for the regular use of a **relative** or a **rated resident**, other than a **covered auto** for which this coverage has been purchased. This exclusion does not apply to **your** maintenance or use of such vehicle;

13. **bodily injury** or **property damage** arising out of **your**, a **relative's**, or a **rated resident's** use of a vehicle, other than a **covered auto**, without the permission of the owner of the vehicle or the person in lawful possession of the vehicle;

14. **bodily injury** or **property damage** arising out of the use of a **covered auto** while leased or rented to others or given in exchange for any compensation, including while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of a **covered auto** by **you**, a **relative**, or a **rated resident**;

15. punitive or exemplary damages; or

16 **bodily injury** or **property damage** caused by, or reasonably expected to result from, a criminal act or omission of that **insured person**. This exclusion applies regardless of whether that **insured person** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for liability coverage is the most **we** will pay regardless of the number of:

1. claims made;
2. **covered autos**;
3. **insured persons**;
4. lawsuits brought;
5. vehicles involved in the accident; or
6. premiums paid.

If **your declarations page** shows a split limit:

1. the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person resulting from any one accident;
2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident; and
3. the amount shown for "property damage" is the most **we** will pay for the total of all **property damage** resulting from any one accident.

The "each person" limit of liability applies to the total of all claims made for **bodily injury** to a person and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any

5

one accident. However, without changing this limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

No one is entitled to duplicate payments for the same elements of damages.

Any payment to a person under this Part I will be reduced by any payment to that person under Part III—Uninsured/Underinsured Motorist Coverage.

**We** will not pay under this Part I any expenses paid or payable under Part II—Medical Payments Coverage.

If multiple auto policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

An **auto** and attached **trailer** are considered one **auto**. Therefore, the limits of liability will not be increased for an accident involving an **auto** that has an attached **trailer**.

## FINANCIAL RESPONSIBILITY LAWS

When **we** certify this policy as proof of financial responsibility, this policy will comply with the law to the extent required. The **insured person** must reimburse **us** if **we** make a payment that **we** would not have made if this policy was not certified as proof of financial responsibility.

## OTHER INSURANCE

If there is any other applicable liability insurance or bond, **we** will pay only **our** share of the damages. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a vehicle or trailer, other than a **covered auto**, will be excess over any other collectible insurance, self-insurance, or bond.

## OUT-OF-STATE COVERAGE

If an accident to which this Part I applies occurs in any state, territory or possession of the United States of America or any province or territory of Canada, other than the one in which a **covered auto** is principally garaged, and the state, province, territory or possession has:
1.  a financial responsibility or similar law requiring limits of liability for **bodily injury** or **property damage** higher than the limits shown on the **declarations page**, this policy will provide the higher limits; or
2.  a compulsory insurance or similar law requiring a non-resident to maintain insurance whenever the non-resident uses an **auto** in that state, province, territory or possession, this policy will provide the greater of:
    a.  the required minimum amounts and types of coverage; or
    b.  the limits of liability under this policy.

6

## PART II—FIRST PARTY BENEFITS COVERAGE

### INSURING AGREEMENT—FIRST PARTY BENEFITS COVERAGE

If **you** pay the premium for this coverage, **we** will pay the following First Party Benefits, subject to the limit of liability shown on **your declarations page,** for loss or expense sustained by an **insured person** because of **bodily injury** caused by an accident and arising out of the maintenance or use of a **motor vehicle:**
1.  **medical expenses;**
2.  **income loss;**
3.  **funeral benefit;** and
4.  **accidental death benefit.**

### INSURING AGREEMENT—COMBINATION FIRST PARTY BENEFITS COVERAGE

If **you** pay the premium for this coverage, **we** will pay **medical expenses, income loss, funeral benefit,** and **accidental death benefit,** subject to the combined single limit of liability shown on **your declarations page,** for each **insured person** who sustains **bodily injury** caused by an accident and arising out of the maintenance or use of a **motor vehicle.** Subject to the combined single limit of liability, the most **we** will pay as the **funeral benefit** for an **insured person** is $2,500, and the most **we** will pay as the **accidental death benefit** for an **insured person** is $25,000. **We** will only pay for expenses or loss incurred within three years from the date of the accident.

### INSURING AGREEMENT—EXTRAORDINARY MEDICAL BENEFITS COVERAGE

If **you** pay the premium for this coverage, subject to the limit of liability shown on **your declarations page, we** will pay **medical expenses** incurred by an **insured person** in excess of the aggregate of $100,000 that result from **bodily injury** caused by an accident and arising out of the maintenance or use of a **motor vehicle,** subject to the following:
1.  The limit of liability shown on the **declarations page** for Extraordinary Medical Benefits Coverage is the most **we** will pay for **medical expenses** incurred by an **insured person** as the result of an accident to which this Extraordinary Medical Benefits Coverage applies, and is subject to the following additional limits:
    a.  an annual limit of $50,000 for **medical expenses** incurred by an **insured person;** and
    b.  a lifetime aggregate limit of $1,000,000 for **medical expenses** incurred by an **insured person.**
    However, the $50,000 annual limit shall not apply to **medical expenses** covered by Extraordinary Medical Benefits Coverage that are incurred during the first 18 months of eligibility.
2.  Any amounts payable by **us** as Extraordinary Medical Benefits will be excess to any amounts available to an **insured person** for **medical expense** under any First Party Benefits Coverage provided in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law.

7

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

3. If an **insured person** is eligible for Extraordinary Medical Benefits Coverage and is also eligible for benefits under the Pennsylvania Catastrophic Loss Trust Fund, the combined total recovery under Extraordinary Medical Benefits Coverage and the Pennsylvania Catastrophic Loss Trust Fund for **medical expenses** incurred by an **insured person** as the result of an accident shall not exceed $1,000,000.

## ADDITIONAL DEFINITIONS

When used in this Part II:

1. "**Accidental death benefit**" means a death benefit paid to the personal representative of the **insured person**, should injury caused by a **motor vehicle** accident result in death within 24 months from the date of the accident.

2. "**Funeral benefit**" means the reasonable and necessary expenses directly related to the funeral, burial, cremation, or other form of disposition of the remains of a deceased **insured person**, incurred due to the death of the **insured person** if death:
   a. results from a **motor vehicle** accident; and
   b. occurs within 24 months from the date of the accident.

3. "**Income loss**" means 80% of actual loss of gross income of an **insured person**. It also includes reasonable expenses actually incurred for:
   a. hiring a substitute to perform services the **insured person** would have performed in connection with self-employment, in order to mitigate or reduce loss of gross income; or
   b. hiring special help to enable the **insured person** to work and mitigate loss of gross income.

   **We** will not pay for "**income loss**" for:
   a. loss of income during any period following the death of an **insured person**;
   b. expenses incurred for services performed following the death of an **insured person**; or
   c. any loss of income during the first five days the **insured person** did not work after the accident due to the **bodily injury** caused by the accident.

4. "**Insured person**" means:
   a. with respect to **medical expenses**, **income loss**, and **funeral benefit**:
      (i) **you**, a **relative**, or a **rated resident**; and
      (ii) any other person:
         (a) while **occupying your covered auto** with the express or implied permission of **you**, a **relative** or a **rated resident**; or
         (b) while not **occupying** a **motor vehicle** if injured as a result of an accident which occurs in Pennsylvania involving **your covered auto**. This does not apply if **your covered auto** is parked and unoccupied at the time of the accident unless it was parked in a manner as to create an unreasonable risk of injury; and
   b. with respect to an **accidental death benefit, you**, a **relative**, or any **rated resident**.

5. "**Medical expense**" means the reasonable charge for necessary medical treatment and rehabilitative services, including, but not limited to:
   a. hospital, dental, surgical, psychiatric, psychological, osteopathic, ambulance, chiropractic, and nursing services;

b.  licensed physical therapy, vocational rehabilitation, occupational therapy, speech pathology and audiology therapy, and optometric services; and

c.  medications, medical supplies, and prosthetic devices;

all without limitation as to time, provided that, within 18 months from the date of the accident causing **bodily injury**, it is ascertainable, with reasonable medical probability, that further **medical expense** may be incurred as a result of the **bodily injury**. "**Medical expense**" may include any non-medical remedial care and treatment rendered in accordance with a recognized religious method of healing.

6.  "**Motor vehicle**" means a self-propelled vehicle, operated or designed for use upon public roads. However, **motor vehicle** does not include a vehicle operated:

a.  by muscular power; or

b.  on rails or tracks.

7.  "**Your covered auto**" means a **motor vehicle** for which **you** have purchased:

a.  Part I—Liability To Others Coverage if the **motor vehicle** is:

(i)  owned by **you**; or

(ii)  shown on the **declarations page**; and

b.  First Party Benefits Coverage as required under the Pennsylvania Motor Vehicle Financial Responsibility Law.

8.  "**Bodily injury**" in Part II means accidental bodily harm to a person and that person's resulting illness, disease or death.

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART II.**

**We** do not provide any First Party Benefits under this Part II for **bodily injury**:

1.  sustained by any person while intentionally causing or attempting to cause **bodily injury** to:

a.  himself or herself; or

b.  any other person;

2.  sustained by any person while committing a felony;

3.  sustained by any person while seeking to elude lawful apprehension or arrest by a law enforcement official;

4.  sustained by any person while maintaining or using a **motor vehicle** knowingly converted by that person. However, this exclusion does not apply to **you**;

5.  sustained by any person who, at the time of the accident:

a.  is the owner of one or more registered **motor vehicles** that do not have in effect the security required by the Pennsylvania Motor Vehicle Financial Responsibility Law; or

b.  is **occupying** a **motor vehicle** owned by that person for which the financial responsibility required by the Pennsylvania Motor Vehicle Financial Responsibility Law is not in effect;

This exclusion does not apply to **you**, a **relative**, or a **rated resident**:

a.  while **occupying** a covered auto;

b.  while **occupying** a **motor vehicle** that is not owned by **you**, a **relative**, or a **rated resident**; or

c.  when struck by a motor vehicle as a pedestrian.

9

6. sustained by any person maintaining or using a **motor vehicle** while located for use as a residence or premises;
7. sustained by any person while **occupying**:
   a. a recreational vehicle designed for use off public roads; or
   b. a motorcycle, moped, or similar type vehicle;
8. caused by or as a consequence of:
   a. any discharge of a nuclear weapon;
   b. war (whether declared or undeclared);
   c. civil war;
   d. insurrection; or
   e. rebellion or revolution;
9. from or as a consequence of the following whether controlled or uncontrolled or however caused:
   a. nuclear reaction;
   b. radiation; or
   c. radioactive contamination;
10. arising out of the use of a **covered auto** while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of a **covered auto** by **you**, a **relative**, or a **rated resident**; or
11. sustained by any person while using or **occupying** a **covered auto** while being used for **ride-sharing activity**. This exclusion does not apply to shared-expense car pools.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for each First Party Benefit under this Part II is the most **we** shall pay for that benefit to or for each **insured person** as the result of any one accident, regardless of the number of:
1. claims made;
2. **covered autos**;
3. lawsuits brought;
4. vehicles involved in the accident;
5. premiums paid; or
6. insurers providing first party benefits.

## OTHER INSURANCE

No one will be entitled to recover duplicate payments for the same elements of loss under this or any other similar automobile insurance, including self-insurance.

Any amount payable under this Part II shall be excess over any amounts paid, payable or required to be provided to an **insured person** under any workers' compensation law or similar law. Consistent with the duty of an **insured person** to cooperate with **us** in any matter concerning a claim, an **insured person** presenting a claim under this Part II shall, when eligible for workers' compensation benefits, make application for same with both the **insured person's** employer and workers' compensation insurer.

10

## PRIORITY OF POLICIES

If there is other First Party Benefits Coverage, **we** will pay benefits under this Part II in accordance with the order of priorities set forth by the Pennsylvania Motor Vehicle Financial Responsibility Law, as amended. **We** will not pay benefits if there is another insurer at a higher level of priority. The order of priority is:

First    The insurer providing benefits to the **insured person** as a named insured.

Second  The insurer providing benefits to the **insured person** as a **relative** or as a **rated resident** who is not a named insured under another policy providing coverage under the Pennsylvania Motor Vehicle Financial Responsibility Law.

Third    The insurer of the **motor vehicle** which the **insured person** is **occupying** at the time of the accident.

Fourth   The insurer providing benefits on any **motor vehicle** involved in the accident if the **insured person** is:

a.    not **occupying** a **motor vehicle**; and

b.    not entitled to payment of first party benefits under any other **motor vehicle** policy.

An unoccupied parked **motor vehicle** is not a **motor vehicle** involved in an accident within this Fourth priority unless it was parked in a manner as to create an unreasonable risk of injury.

If two or more policies have equal priority within the highest applicable priority level:

1.    The insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution on a pro rata basis from any other insurer for the benefits paid and the costs of processing the claim. If contribution is sought among insurers responsible under the Fourth priority, proration shall be based on the number of involved **motor vehicles**.

2.    If **we** are the insurer against whom the claim is first made, **our** payment to or for an **insured person** will not exceed the applicable limit of liability for coverage under this Part II shown on the **declarations page**, or if **you** have purchased Extraordinary Medical Benefits Coverage, the applicable limit of liability.

3.    The maximum recovery under all policies may not exceed the amount payable under the policy with the highest dollar limits of benefits.

## PART III—UNINSURED/UNDERINSURED MOTORIST COVERAGE

### INSURING AGREEMENT—UNINSURED MOTORIST COVERAGE

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

1.    sustained by an **insured person**;

2.    caused by an accident; and

3.    arising out of the ownership, maintenance or use of an **uninsured motor vehicle**.

11

## INSURING AGREEMENT—UNDERINSURED MOTORIST COVERAGE

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of **bodily injury**:

1. sustained by an **insured person**;
2. caused by an accident; and
3. arising out of the ownership, maintenance, or use of an **underinsured motor vehicle**.

An **insured person** must notify **us** in writing at least 30 days before entering into any settlement with the **owner** or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**, or any liability insurer. In order to preserve **our** right of subrogation, **we** may elect to pay any sum offered in settlement by, or on behalf of, the owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle**. If **we** do this, the **insured person** shall assign to **us** all rights that **insured person** has against the owner or operator of the **uninsured motor vehicle** or **underinsured motor vehicle**, to the extent of **our** payment.

No judgment or settlement for damages arising out of a lawsuit brought against an owner or operator of an **uninsured motor vehicle** or **underinsured motor vehicle** shall be binding on **us** unless **we** have:

1. received reasonable notice of the filing of the lawsuit resulting in the judgment; and
2. had a reasonable opportunity to protect **our** interests in the lawsuit.

## ADDITIONAL DEFINITIONS

When used in this Part III:

1. "**Insured person**" means:
   a. **you**, a **relative**, or a **rated resident**;
   b. any person while operating a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**;
   c. any person **occupying**, but not operating, a **covered auto**; and
   d. any person who is entitled to recover damages covered by this Part III because of **bodily injury** sustained by a person described in a., b. or c. above.
2. "**Noneconomic loss**" means pain and suffering and other non-monetary detriment.
3. "**Rated resident**" means a person residing in the same household as **you** at the time of the loss who is not a **relative**, but only if that person is both:
   a. listed in the "Drivers and household residents" section on the **declarations page**; and
   b. not designated as either an "Excluded" or a "List Only" driver.
   For a coverage under this Part III that has been rejected by the named insured by signing a waiver, a **rated resident** will be considered a **relative** for purposes of the rejected coverage under this Part III.
4. "**Serious injury**" means **bodily injury** resulting in death, serious impairment of a bodily function, or permanent serious disfigurement.

12

5. "**Underinsured motor vehicle**" means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident, but the sum of all applicable limits of liability for **bodily injury** is less than the damages that an **insured person** is entitled to recover from the owner or operator of the motor vehicle because of **bodily injury**.

   An "**underinsured motor vehicle**" does not include any vehicle or equipment:

   a. owned by **you**, a **relative**, or a **rated resident** or furnished or available for the regular use of **you**, a **relative**, or a **rated resident**;

   b. operated on rails or crawler treads;

   c. designed mainly for use off public roads, while not on public roads;

   d. while used as a residence or premises and not as a vehicle;

   e. that is a **covered auto**; or

   f. that is an uninsured motor vehicle.

6. "**Uninsured motor vehicle**" means a land motor vehicle or trailer of any type:

   a. to which no bodily injury liability bond or policy applies at the time of the accident;

   b. to which a bodily injury liability bond or policy applies at the time of the accident, but the bonding or insuring company:

      (i) denies coverage; or

      (ii) is insolvent, or becomes insolvent within six years after the accident occurs;

   c. to which a bodily injury liability bond or policy applies at the time of the accident, but its limit of liability for bodily injury is less than the minimum limit of liability for bodily injury specified by the financial responsibility law of the state in which the **covered auto** is principally garaged;

   d. whose owner or operator cannot be identified and that causes an accident resulting in bodily injury to an insured person, provided that the **insured person**, or someone on his or her behalf:

      (i) reports the accident to the police or civil authority within 24 hours or as soon as practicable after the accident; and

      (ii) notifies **us** within 30 days, or as soon as practicable thereafter, that the **insured person** has a cause of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and sets forth the facts in support thereof.

   An "**uninsured motor vehicle**" does not include any vehicle or equipment:

   a. owned by **you**, a **relative**, or a **rated resident** or furnished or available for the regular use of **you**, a **relative**, or a **rated resident**;

   b. owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer that is or becomes insolvent;

   c. operated on rails or crawler treads;

   d. designed mainly for use off public roads, while not on public roads;

   e. while located for use as a residence or premises and not as a vehicle;

   f. that is a **covered auto**; or

   g. that is an **underinsured motor vehicle**.

13

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART III.**

Coverage under this Part III will not apply:

1.  to **bodily injury** sustained by any person while using or **occupying**:
    a.  a **covered auto** while being used:
        (i)   to carry persons or property for compensation or a fee;
        (ii)  for retail or wholesale delivery, including, but not limited to, the pickup, transport or delivery of magazines, newspapers, mail or food; or
        (iii) for **ride-sharing activity**.
        This exclusion does not apply to shared-expense car pools; or
    b.  a motor vehicle that is owned by or available for the regular use of **you**, a **relative**, or a **rated resident**. This exclusion does not apply to a **covered auto** that is insured under this Part III;
2.  to **noneconomic loss** sustained by any person to whom a limited tort option applies unless the **bodily injury** sustained by the **insured person** is a **serious injury**;
3.  to **bodily injury** sustained by **you**, a **relative**, or a **rated resident** while using any vehicle, other than a **covered auto**, without the permission of the owner of the vehicle or the person in lawful possession of the vehicle;
4.  to any punitive or exemplary damages;
5.  to **bodily injury** sustained by any person if that person or the legal representative of that person settles without **our** written consent; or
6.  to **bodily injury** arising out of the use of a **covered auto** while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of a **covered auto** by **you**, a **relative**, or a **rated resident**.

## LIMITS OF LIABILITY

The limit of liability shown on the **declarations page** for Uninsured/Underinsured Motorist Coverage is the most **we** will pay regardless of the number of:

1.  claims made;
2.  **covered autos**, unless **you** have selected stacked coverage;
3.  **insured persons**;
4.  lawsuits brought;
5.  vehicles involved in the accident; or
6.  premiums paid.

### Nonstacked Limits of Liability

If you have selected nonstacked coverage under this Part III, the following shall also apply:

If the **declarations page** shows a split limit:

1.  the amount shown for "each person" is the most **we** will pay for all damages due to **bodily injury** to one person; and

14

2. subject to the "each person" limit, the amount shown for "each accident" is the most **we** will pay for all damages due to **bodily injury** sustained by two or more persons in any one accident.

The "each person" limit of liability includes the total of all claims made for **bodily injury** to an **insured person** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

If the **declarations page** shows that "combined single limit" or "CSL" applies, the amount shown is the most **we** will pay for the total of all damages resulting from any one accident. However, without changing this total limit of liability, **we** will comply with any law that requires **us** to provide any separate limits.

## Stacked Limits of Liability

If **you** have selected stacked coverage under this Part III, the following shall also apply to **bodily injury** sustained by **you**, a **relative**, or a **rated resident**:
1. If **you**, a **relative**, or a **rated resident** sustain **bodily injury** while **occupying** a **covered auto**, the limit of liability shall be the limit available under Nonstacked Limits of Liability described above and the limit shown on the **declarations page** multiplied by the number of **covered autos** that are not involved in the **accident**.
2. If **you**, a **relative**, or a **rated resident** sustain **bodily injury** while not **occupying** a **covered auto**, the limit of liability shall be the limit shown on the **declarations page** multiplied by the number of **covered autos**.

Stacked Limits of Liability shall not increase the limit of liability applicable to any **insured person** other than **you**, a **relative**, or a **rated resident**. The nonstacked limits of liability will apply to any **insured person** other than **you**, a **relative**, or a **rated resident**.

As with nonstacked limits, the "each person" stacked limit of liability includes the total of all claims made for **bodily injury** to an **insured person** and all claims of others derived from such **bodily injury**, including, but not limited to, emotional injury or mental anguish resulting from the **bodily injury** of another or from witnessing the **bodily injury** to another, loss of society, loss of companionship, loss of services, loss of consortium, and wrongful death.

## Limits of Liability Applicable to Stacked and Nonstacked Coverage

In determining the amount payable under this Part III, the amount of damages that an **insured person** is entitled to recover for **bodily injury** will be reduced by all sums paid because of **bodily injury** by or on behalf of any persons or organizations that may be legally responsible.

However, if an **insured person** enters into a settlement agreement for an amount less than the sum of the limits of liability under all applicable bodily injury liability bonds and

15

policies, **our** limit of liability for Underinsured Motorist Coverage shall not exceed the difference between the damages sustained by the **insured person** and the sum of the applicable bodily injury liability limits.

The Limits of Liability under this Part III shall be reduced by all sums paid under Part I—Liability To Others.

No one will be entitled to duplicate payments for the same elements of damages.

If multiple auto policies issued by **us** are in effect for **you**, **we** will pay no more than the highest limit of liability for this coverage available under any one policy.

## OTHER INSURANCE

If there is other applicable similar insurance available, the following priorities of recovery apply:

First      The uninsured or underinsured motorist coverage applicable to the motor vehicle the **insured person** was **occupying** at the time of the accident.

Second  Any other policy affording uninsured or underinsured motorist coverage to the **insured person**.

If two or more policies have equal priority, the insurer against whom the claim is first made shall process and pay the claim as if wholly responsible. The insurer is thereafter entitled to recover contribution on a pro rata basis from any other insurer for the benefits paid and the costs of processing the claim.

If nonstacked coverage is shown on the **declarations page** and this policy is in the First priority, the maximum recovery under all policies in the First priority shall not exceed the highest applicable limit for any one motor vehicle under any one policy in the First priority.

If nonstacked coverage is shown on the **declarations page** and this policy is in the Second priority, the maximum recovery under all policies in the Second priority shall not exceed the highest applicable limit for any one motor vehicle under any one policy in the Second priority.

## PART IV—DAMAGE TO A VEHICLE

## INSURING AGREEMENT—COLLISION COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:
1.   **covered auto**, including an attached **trailer**; or
2.   **non-owned auto**;
and its **custom parts or equipment**, resulting from **collision**.

16

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

In addition, **we** will pay the reasonable cost to replace any child safety seat damaged in an accident to which this coverage applies.

## INSURING AGREEMENT—COMPREHENSIVE COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:
1. **covered auto**, including an attached **trailer**; or
2. **non-owned auto**;
and its **custom parts or equipment**, that is not caused by **collision**.

A loss not caused by **collision** includes:
1. contact with an animal (including a bird);
2. explosion or earthquake;
3. fire;
4. malicious mischief or vandalism;
5. missiles or falling objects;
6. riot or civil commotion;
7. theft or larceny;
8. windstorm, hail, water or flood; or
9. breakage of glass not caused by **collision**.

In addition, **we** will pay for:
1. reasonable transportation expenses incurred by **you** if a **covered auto** is stolen; and
2. loss of use damages that **you** are legally liable to pay if a **non-owned auto** is stolen. A combined maximum of $900, not exceeding $30 per day, will apply to these additional benefits. The additional benefit for transportation expenses will not apply if **you** purchased Rental Reimbursement Coverage for the stolen **covered auto**.

Coverage for transportation expenses and loss of use damages begins 48 hours after **you** report the theft to **us** and ends the earliest of:
1. when the **auto** has been recovered and returned to **you** or its owner;
2. when the **auto** has been recovered and repaired;
3. when the **auto** has been replaced; or
4. 72 hours after **we** make an offer to settle the loss if the **auto** is deemed by **us** to be a total loss.

**We** must receive written proof of transportation expenses and loss of use damages.

## INSURING AGREEMENT—ADDITIONAL CUSTOM PARTS OR EQUIPMENT COVERAGE

**We** will pay for sudden, direct and accidental loss to **custom parts or equipment** on a **covered auto** for which this coverage has been purchased. This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **covered auto** and the loss is covered under one of those coverages. This coverage

17

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

applies in addition to any coverage automatically provided for **custom parts or equipment** under Comprehensive Coverage or Collision Coverage.

## INSURING AGREEMENT—RENTAL REIMBURSEMENT COVERAGE

**We** will reimburse rental charges incurred when **you** rent an **auto** from a rental agency or auto repair shop due to a loss to a **covered auto** for which Rental Reimbursement Coverage has been purchased. This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **covered auto** and the loss is covered under one of those coverages.

Additional fees or charges for insurance, damage waivers, optional equipment, fuel, or accessories are not covered.

This coverage is limited to the each day limit shown on the **declarations page** for a maximum of 30 days.

If Rental Reimbursement Coverage applies, no other coverage under this policy for rental expenses will apply.

Rental charges will be reimbursed beginning:
1.  when the **covered auto** cannot be driven due to a loss; or
2.  if the **covered auto** can be driven, when **you** deliver the **covered auto** to an auto repair shop or one of **our** Service Centers for repairs due to the loss;

and ending the earliest of:
1.  when the **covered auto** has been returned to **you**;
2.  when the **covered auto** has been repaired;
3.  when the **covered auto** has been replaced;
4.  72 hours after **we** make an offer to settle the loss if the **covered auto** is deemed by **us** to be a total loss; or
5.  when **you** incur 30 days worth of rental charges.

**You** must provide **us** written proof of **your** rental charges to be reimbursed.

## INSURING AGREEMENT—LOAN/LEASE PAYOFF COVERAGE

If **you** pay the premium for this coverage, and the **covered auto** for which this coverage was purchased is deemed by **us** to be a total loss, **we** will pay, in addition to any amounts otherwise payable under this Part IV, the difference between:
1.  the actual cash value of the **covered auto** at the time of the total loss; and
2.  any greater amount the owner of the **covered auto** is legally obligated to pay under a written loan or lease agreement to which the **covered auto** is subject at the time of the total loss, reduced by:
    a.  unpaid finance charges or refunds due to the owner for such charges;
    b.  excess mileage charges or charges for wear and tear;
    c.  charges for extended warranties or refunds due to the owner for extended warranties;

18

d.    charges for credit insurance or refunds due to the owner for credit insurance;
e.    past due payments and charges for past due payments; and
f.    collection or repossession expenses.

However, **our** payment under this coverage shall not exceed the limit of liability shown on the **declarations page**. The limit of liability is a percentage of the actual cash value of the **covered auto** at the time of the loss.

This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that **covered auto** and the loss is covered under one of those coverages.

## INSURING AGREEMENT—PET INJURY COVERAGE

If **you** have purchased Collision coverage for at least one **covered auto** under **your** policy, and if **your pet** sustains injury or death while inside a **covered auto** or **non-owned auto** at the time of a loss covered under Collision or Comprehensive coverage, **we** will provide:

1.    up to $1,000 for reasonable and customary veterinary fees incurred by **you**, a **relative**, or a **rated resident** if **your pet** is injured in, or as a direct result of, the covered loss; or
2.    a $1,000 death benefit if **your pet** dies in, or as a direct result of, the covered loss, less any payment **we** made toward veterinary expenses for **your pet**.

In the event of a covered loss due to the theft of a **covered auto** or **non-owned auto**, **we** will provide the death benefit provided **your pet** is inside that auto at the time of the theft and **your pet** is not recovered.

## ADDITIONAL DEFINITIONS

When used in this Part IV:

1.    "**Collision**" means the upset of a vehicle or its impact with another vehicle or object.
2.    "**Custom parts or equipment**" means equipment, devices, accessories, enhancements and changes, other than those that are offered by the manufacturer specifically for that **auto** model, or that are installed by the auto dealership as part of the original sale of a new **auto**, that:
     a.    are permanently installed or attached; and
     b.    alter the appearance or performance of the **auto**.
3.    "**Mechanical parts**" means operational parts on a vehicle that wear out over time or have a finite useful life or duration typically shorter than the life of the vehicle as a whole. **Mechanical parts** do not include external crash parts, wheels, paint, or windshields and other glass.
4.    "**Non-owned auto**" means an **auto** that is not owned by or furnished or available for the regular use of **you**, a **relative**, or a **rated resident** while in the custody of or being operated by **you**, a **relative**, or a **rated resident** with the permission of the owner of the **auto** or the person in lawful possession of the **auto**.
5.    "**Your pet**" means any dog or cat owned by **you**, a **relative**, or a **rated resident**.

19

**EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EX-CLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART IV.**

Coverage under this Part IV will not apply for loss:

1. to any vehicle while being used:
   a. to carry persons or property for compensation or a fee;
   b. for retail or wholesale delivery, including, but not limited to, the pickup, transport or delivery of magazines, newspapers, mail or food; or
   c. for **ride-sharing activity**.

   This exclusion does not apply to shared-expense car pools;

2. to a **non-owned auto** while being maintained or used by a person while employed or engaged in any **auto business**;

3. to any vehicle resulting from, or sustained during practice or preparation for:
   a. any pre-arranged or organized racing, stunting, speed or demolition contest or activity; or
   b. any driving activity conducted on a permanent or temporary racetrack or race-course;

4. to any vehicle for which insurance:
   a. is afforded under a nuclear energy liability insurance contract; or
   b. would be afforded under a nuclear energy liability insurance contract but for its termination upon exhaustion of its limit of liability;

5. to any vehicle caused by an intentional act committed by or at the direction of **you**, a **relative**, a **rated resident**, or the owner of a **non-owned auto**, even if the actual damage is different than that which was intended or expected. This exclusion does not apply if the insured claimant was the victim of abuse and that abuse occurred during the claimed property damage loss.

6. to a **covered auto** while it is leased or rented to others or given in exchange for compensation, including while being used in connection with a **personal vehicle sharing program**. This exclusion does not apply to the operation of a **covered auto** by **you**, a **relative**, or a **rated resident**;

7. due to destruction or confiscation by governmental or civil authorities of any vehicle because **you**, any **relative**, or any **rated resident** engaged in illegal activities;

8. to any vehicle that is due and confined to:
   a. wear and tear;
   b. freezing;
   c. mechanical, electrical or electronic breakdown or failure; or
   d. road damage to tires.

   This exclusion does not apply if the damage results from the theft of a vehicle;

9. to portable equipment, devices, accessories, and any other personal effects that are not permanently installed. This includes, but is not limited to:
   a. tapes, compact discs, cassettes, DVDs, and other recording or recorded media;
   b. any case or other container designed for use in storing or carrying tapes, compact discs, cassettes, DVDs, or other recording or recorded media;
   c. any device used for the detection or location of radar, laser, or other speed measuring equipment or its transmissions; and
   d. CB radios, telephones, two-way mobile radios, DVD players, personal computers, personal digital assistants, or televisions;

20

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

10. to any vehicle for diminution of value;
11. to any vehicle caused directly or indirectly by:
    a. war (declared or undeclared) or civil war;
    b. warlike action by any military force of any government, sovereign, or other authority using military personnel or agents. This includes any action taken to hinder or defend against an actual or expected attack; or
    c. insurrection, rebellion, revolution, usurped power, or any action taken by a governmental authority to hinder or defend against any of these acts;
12. to any vehicle caused directly or indirectly by:
    a. any accidental or intentional discharge, dispersal or release of radioactive, nuclear, pathogenic or poisonous biological material; or
    b. any intentional discharge, dispersal or release of chemical or hazardous material for any purpose other than its safe and useful purpose; or
13. to any vehicle caused by, or reasonably expected to result from, a criminal act or omission of **you**, a **relative**, a **rated resident**, or the owner of a **non-owned auto**. This exclusion applies regardless of whether **you**, the **relative**, the **rated resident**, or the owner of the **non-owned auto** is actually charged with, or convicted of, a crime. For purposes of this exclusion, criminal acts or omissions do not include traffic violations.

## LIMITS OF LIABILITY

1. The limit of liability for loss to a **covered auto**, **non-owned auto**, or **custom parts or equipment** is the lowest of:
   a. the actual cash value of the stolen or damaged property at the time of the loss reduced by the applicable deductible;
   b. the amount necessary to replace the stolen or damaged property reduced by the applicable deductible;
   c. the amount necessary to repair the damaged property to its pre-loss condition reduced by the applicable deductible; or
   d. the Stated Amount shown on the **declarations page** for that **covered auto**.
   However, the most **we** will pay for loss to:
   a. **custom parts or equipment** is $1,000 unless **you** purchased Additional Custom Parts or Equipment Coverage ("ACPE"). If **you** purchased ACPE, the most **we** will pay is $1,000 plus the amount of ACPE **you** purchased.
   b. a **trailer** is the limit of liability shown on the **declarations page** for that **trailer**. If the **trailer** is not shown on the **declarations page**, the limit of liability is $500.
2. Payments for loss to a **covered auto**, **non-owned auto**, or **custom parts or equipment** are subject to the following provisions:
   a. If coverage applies to a **non-owned auto**, **we** will provide the broadest coverage applicable to any **covered auto** shown on the **declarations page**.
   b. If **you** have elected a Stated Amount for a **covered auto**, the Stated Amount is the most **we** will pay for all loss to that **covered auto**, including its **custom parts or equipment**.
   c. Coverage for **custom parts or equipment** will not cause **our** limit of liability for loss to an **auto** under this Part IV to be increased to an amount in excess of the actual cash value of the **auto**, including its **custom parts or equipment**.

21

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

d. In determining the amount necessary to repair damaged property to its pre-loss condition, the amount to be paid by **us**:

   (i) will not exceed the prevailing competitive labor rates charged in the area where the property is to be repaired and the cost of repair or replacement parts and equipment, as reasonably determined by **us**; and

   (ii) will be based on the cost of repair or replacement parts and equipment which may be new, reconditioned, remanufactured or used, including, but not limited to:

      (a) original manufacturer parts or equipment; and

      (b) nonoriginal manufacturer parts or equipment.

e. To determine the amount necessary to repair or replace the damaged property as referred to in subsection 1., the total cost of necessary repair or replacement may be reduced by unrepaired prior damage. Unrepaired prior damage includes broken, cracked or missing parts; rust; dents; scrapes; gouges; and peeling paint. The reduction for unrepaired prior damage is the cost of labor, parts and materials necessary to repair or replace damage, deterioration, defects, or wear and tear on exterior body parts, windshields and other glass, wheels, and paint, that existed prior to the accident and that is eliminated as a result of the repair or replacement of property damaged in the loss.

f. To determine the amount necessary to repair or replace the damaged property as referred to in subsection 1., an adjustment may be made for betterment or depreciation and physical condition on:

   (i) batteries;

   (ii) tires;

   (iii) engines and transmissions, if the engine has greater than 80,000 miles; and

   (iv) any other **mechanical parts** that are nonfunctioning or inoperative.

   **We** will not make an adjustment for the labor costs associated with the replacement or repair of these parts.

g. The actual cash value is determined by the market value, age, and condition of the vehicle at the time the loss occurs.

3. No deductible will apply to a loss to window glass when the glass is repaired instead of replaced.

4. Duplicate recovery for the same elements of damages is not permitted.

5. The following additional limits of liability apply to Pet Injury coverage:

a. The most **we** will pay for all damages in any one loss is a total of $1,000 regardless of the number of dogs or cats involved.

b. If **your pet** dies in, or as a direct result of, a covered loss, **we** will provide a death benefit of $1,000, less any payment **we** made toward veterinary expenses for **your pet**.

c. No deductible shall apply to this coverage.

## PAYMENT OF LOSS

**We** may, at **our** option:

1. pay for the loss in money; or

2. repair or replace the damaged or stolen property.

22

At **our** expense, **we** may return any recovered stolen property to **you** or to the address shown on the **declarations page**, with payment for any damage resulting from the theft. **We** may keep all or part of the property at the agreed or appraised value.

**We** may settle any loss with **you** or the owner or lienholder of the property.

## NO BENEFIT TO BAILEE

Coverage under this Part IV will not directly or indirectly benefit any carrier or other bailee for hire.

## LOSS PAYABLE CLAUSE

Payment under this Part IV for a loss to a **covered auto** will be made according to **your** interest and the interest of any lienholder shown on the **declarations page** or designated by **you**. At **our** option, payment may be made to both jointly, or to either separately. However, if the **covered auto** is not a total loss, **we** may make payment to **you** and the repairer of the **auto**.

The lienholder's interest will not be protected:
1. where fraud, misrepresentation, material omission, or intentional damage resulting in a denial of coverage by **us** has been committed by or at the direction of **you** or any person seeking coverage; or
2. where the loss is otherwise not covered under the terms of this policy.

If this policy is cancelled, nonrenewed or voided, the interest of any lienholder under this agreement will also terminate.

## OTHER SOURCES OF RECOVERY

If other sources of recovery also cover the loss, **we** will pay only **our** share of the loss. **Our** share is the proportion that **our** limit of liability bears to the total of all applicable limits. However, any insurance **we** provide for a **non-owned auto**, or **trailer** not shown on the **declarations page**, will be excess over any other collectible source of recovery including, but not limited to:
1. any coverage provided by the owner of the **non-owned auto** or **trailer**;
2. any other applicable physical damage insurance; and
3. any other source of recovery applicable to the loss.

## APPRAISAL

If **we** cannot agree with **you** on the amount of a loss, then **we** or **you** may demand an appraisal of the loss. Within 30 days of any demand for an appraisal, each party shall appoint a competent appraiser and shall notify the other party of that appraiser's identity. The appraisers will determine the amount of loss. If they fail to agree, the disagreement will be submitted to a qualified umpire chosen by the appraisers. If the two appraisers are unable to agree upon an umpire within 15 days, **we** or **you** may request

23

*Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.*

that a judge of a court of record, in the county where **you** reside, select an umpire. The appraisers and umpire will determine the amount of loss. The amount of loss agreed to by both appraisers, or by one appraiser and the umpire, will be binding. **You** will pay **your** appraiser's fees and expenses. **We** will pay **our** appraiser's fees and expenses. All other expenses of the appraisal, including payment of the umpire if one is selected, will be shared equally between **us** and **you**. Neither **we** nor **you** waive any rights under this policy by agreeing to an appraisal.

## PART V—ROADSIDE ASSISTANCE COVERAGE

### INSURING AGREEMENT

If **you** pay the premium for this coverage, **we** will pay for **our** authorized service representative to provide the following services when necessary due to a **covered emergency**:
1.   towing of a **covered disabled auto** to the nearest qualified repair facility; and
2.   labor on a **covered disabled auto** at the place of disablement.

If a **covered disabled auto** is towed to any place other than the nearest qualified repair facility, **you** will be responsible for any additional charges incurred.

### ADDITIONAL DEFINITIONS

When used in this Part V:
1.   "**Covered disabled auto**" means a **covered auto** for which this coverage has been purchased that sustains a **covered emergency**.
2.   "**Covered emergency**" means a disablement that is a result of:
     a.   mechanical or electrical breakdown;
     b.   battery failure;
     c.   insufficient supply of fuel, oil, water, or other fluid;
     d.   flat tire;
     e.   lock-out; or
     f.   entrapment in snow, mud, water or sand within 100 feet of a road or highway.

### EXCLUSIONS—READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART V.

Coverage under this Part V will not apply to:
1.   more than three **covered emergencies** for any single **covered auto** in a six-month period;
2.   the cost of purchasing parts, fluid, lubricants, fuel, or replacement keys, or the labor to make replacement keys;
3.   installation of products or material not related to the disablement;
4.   labor not related to the disablement;
5.   labor on a **covered disabled auto** for any time period in excess of 60 minutes per disablement;
6.   towing or storage related to impoundment, abandonment, illegal parking, or other violations of law;

24

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

7.  assistance with jacks, levelers, airbags or awnings;
8.  labor or repair work performed at a service station, garage, or repair shop;
9.  auto storage charges;
10. disablement that occurs on roads not regularly maintained, sand beaches, open fields, or areas designated as not passable due to construction, weather, or earth movement;
11. mounting or removing of snow tires or chains;
12. tire repair;
13. disablement that results from an intentional or willful act or action by **you**, a **relative**, or the operator of a **covered disabled auto**;
14. any **covered auto** while being used in connection with **ride-sharing activity**;
15. any **covered auto** while being used in connection with a **personal vehicle sharing program**; or
16. a trailer.

## UNAUTHORIZED SERVICE PROVIDER

When service is rendered by a provider in the business of providing roadside assistance and towing services, other than one of **our** authorized service representatives, **we** will pay only reasonable charges, as determined by **us**, for:
1.  towing of a **covered disabled auto** to the nearest qualified repair facility; and
2.  labor on a **covered disabled auto** at the place of disablement;
which is necessary due to a **covered emergency**.

## OTHER INSURANCE

Any coverage provided under this Part V for service rendered by an unauthorized service provider will be excess over any other collectible insurance or towing protection coverage.

## PART VI—DUTIES IN CASE OF AN ACCIDENT OR LOSS

For coverage to apply under this policy, **you** or the person seeking coverage must promptly report each accident or loss even if **you** or the person seeking coverage is not at fault. **You** or the person seeking coverage must provide **us** with all accident or loss information, including time, place, and how the accident or loss happened. **You** or the person seeking coverage must also obtain and provide **us** the names and addresses of all persons involved in the accident or loss, the names and addresses of any witnesses, and the license plate numbers of the vehicles involved.

If **you** or the person seeking coverage cannot identify the owner or operator of a vehicle involved in the accident, or if theft or vandalism has occurred, **you** or the person seeking coverage must notify the police within 24 hours or as soon as practicable.

A person seeking coverage must:
1.  cooperate with **us** in any matter concerning a claim or lawsuit;
2.  provide any written proof of loss **we** may reasonably require;

25

3. allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you** or any other person seeking coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;

4. promptly call to notify **us** about any claim or lawsuit and send **us** any and all legal papers relating to the claim or suit;

5. attend hearings and trials as **we** require;

6. take reasonable steps after a loss to protect the **covered auto**, or any other vehicle for which coverage is sought, from further loss. **We** will pay reasonable expenses incurred in providing that protection. **If** failure to provide such protection results in further loss, any additional damages will not be covered under this policy;

7. allow **us** to have the damaged **covered auto**, or any other damaged vehicle for which coverage is sought, inspected and appraised before its repair or disposal;

8. submit to medical examinations at **our** expense by doctors **we** select as often as **we** may reasonably require;

9. submit to vocational rehabilitation examinations at **our** expense by rehabilitation specialist **we** select as often as **we** may reasonably require; and

10. authorize **us** to obtain medical and other records.

## PART VII—GENERAL PROVISIONS

### POLICY PERIOD AND TERRITORY

This policy applies only to accidents and losses occurring during the policy period shown on the **declarations page** and that occur within a state, territory or possession of the United States of America, or a province or territory of Canada, or while a **covered auto** is being transported between their ports.

### CHANGES

This policy contract, **your** insurance application (which is made a part of this policy as if attached hereto), the **declarations page**, and all endorsements to this policy issued by **us**, contain all the agreements between **you** and **us**. Subject to the following, the terms of this policy may not be changed or waived except by an endorsement issued by **us**.

The premium for this policy is based on information **we** received from **you** and other sources. **You** agree to cooperate with **us** in determining if this information is correct and complete, and to promptly notify **us** if it changes during the policy period. If this information is determined by **us** to be incorrect, incomplete, or if it changes during the policy period, **you** agree that **we** may adjust **your** policy information and premium accordingly. Changes that may result in a premium adjustment are contained in **our** rates and rules. These include, but are not limited to, **you**, a **relative**, or a **rated resident** obtaining a driver's license or operator's permit, or changes in:

1. the number, type or use classification of **covered autos**;

2. the persons who regularly operate a **covered auto**;

3. the persons of legal driving age residing in **your** household;

4. the residents in **your** household;

5. an operator's marital status;

26

6. **your** mailing address and **your** residence address;
7. the principal garaging address of any **covered auto**;
8. coverage, deductibles, or limits of liability; or
9. rating territory or discount eligibility.

The coverage provided in **your** policy may be changed only by the issuance of a new policy or an endorsement by **us**. However, if during the policy period **we** broaden any coverage afforded under the current edition of **your** policy without additional premium charge, that change will automatically apply to **your** policy as of the date the coverage change is implemented in **your** state.

If **you** ask **us** to delete a vehicle from this policy, no coverage will apply to that vehicle as of the date and time **you** ask **us** to delete it.

## DUTY TO REPORT CHANGES

**You** must promptly report to **us** all changes, including additions and deletions, in policy information. This includes, but is not limited to, changes in:
1. **your** mailing address or **your** residence address;
2. the principal garaging address of any **covered auto**;
3. the residents in **your** household;
4. the persons of legal driving age residing in **your** household;
5. the persons who regularly operate a **covered auto**;
6. an operator's marital status; or
7. the driver's license or operator's permit status of **you**, a **relative**, or a **rated resident.**

## SETTLEMENT OF CLAIMS

**We** may use estimating, appraisal, or injury evaluation systems to assist **us** in adjusting claims under this policy and to assist **us** in determining the amount of damages, expenses, or loss payable under this policy. Such systems may be developed by **us** or a third party and may include computer software, databases, and specialized technology.

## TERMS OF POLICY CONFORMED TO STATUTES

If any provision of this policy fails to conform to the statutes of the state listed on **your** application as **your** residence, the provision shall be deemed amended to conform to such statutes. All other provisions shall be given full force and effect. Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on **your** application as **your** residence.

## TRANSFER OF INTEREST

The rights and duties under this policy may not be transferred to another person without **our** written consent. However, if a named insured shown on the **declarations page**

27

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

dies, this policy will provide coverage until the end of the policy period for the legal representative of the named insured, while acting as such, and for persons covered under this policy on the date of the named insured's death.

## FRAUD OR MISREPRESENTATION

This policy was issued in reliance upon the information provided on **your** insurance application. **We** may void this policy at any time during the first 59 days, including after the occurrence of an accident or loss, if **you**:

1. made incorrect statements or representations to **us** with regard to any material fact or circumstance;
2. concealed or misrepresented any material fact or circumstance; or
3. engaged in fraudulent conduct;

at the time of application. This means that **we** will not be liable for any claims or damages that would otherwise be covered.

Any changes **we** make at **your** request to this policy after inception will be made in reliance upon information **you** provide. If **you**:

1. make incorrect statements or representations to **us** with regard to any material fact or circumstance;
2. conceal or misrepresent any material fact or circumstance; or
3. engage in fraudulent conduct;

in connection with a requested change **we** may void the policy if within the first 59 days, or reform the policy as it existed immediately prior to the requested change during any time period. **We** may do this before or after the occurrence of an accident or loss.

When **we** have not voided or reformed the policy, **we** may still deny coverage for an accident or loss if **you**, in connection with the policy application, in connection with any requested change, or at any time during the policy period, have concealed or misrepresented any material fact or circumstance or engaged in fraudulent conduct and that concealment, misrepresentation, or fraudulent conduct was material to a risk **we** assumed.

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

## PAYMENT OF PREMIUM AND FEES

If **your** initial premium payment is by check, draft, electronic funds transfer, or similar form of remittance, coverage under this policy is conditioned on payment to **us** by the financial institution. If the financial institution upon presentment does not honor the check, draft, electronic funds transfer, or similar form of remittance, this policy may, at **our** option, be deemed void from its inception. This means **we** will not be liable under this policy for any claims or damages that would otherwise be covered if the check, draft, electronic funds transfer, or similar form of remittance had been honored by the financial institution. Any action by **us** to present the remittance for payment more than once shall not affect **our** right to void this policy.

28

In addition to premium, fees may be charged on **your** policy. **We** may charge fees for installment payments, late payments, and other transactions. Payments made on **your** policy will be applied first to fees, then to premium due.

## CANCELLATION

**You** may cancel this policy during the policy period by calling or writing **us** and stating the future date **you** wish the cancellation to be effective.

**We** may cancel this policy during the policy period by mailing a notice of cancellation to the named insured shown on the **declarations page** at the last known address appearing in **our** records.

**We** will give at least 15 days notice of cancellation if:
1.  **we** cancel during the first 59 days of the initial policy period; or
2.  the policy is cancelled for nonpayment of premium.

**We** will give at least 60 days notice of cancellation in all other cases.

**We** may cancel this policy for any reason if the notice is mailed within the first 59 days of the initial policy period.

After this policy is in effect for more than 59 days, or if this is a renewal or continuation policy, **we** may cancel only for one or more of the following reasons:
1.  nonpayment of premium;
2.  material misrepresentation, material concealment, or fraud by **you** with respect to any material fact in the procurement, continuation, change or renewal of this policy;
3.  loss of driving privileges through suspension or revocation of an operator's license or motor vehicle registration issued to the named insured;
4.  **your** place of residence or the state of registration or license of a **covered auto** is changed to a state or country in which **we** do not accept applications for the insurance provided by this policy; or
5.  any other reason permitted by law.

Proof of mailing will be sufficient proof of notice. If this policy is cancelled, coverage will not be provided as of the effective date and time shown in the notice of cancellation. For purposes of cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverages for all persons and all vehicles.

## CANCELLATION REFUND

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If this policy is cancelled, any refund due will be computed on a daily pro rata basis. However, **we** will retain a cancellation fee if this policy is cancelled at **your** request or if

29

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

cancellation is for nonpayment of premium. A cancellation fee will be charged only during the initial policy period.

## NONRENEWAL

If neither **we** nor one of **our** affiliates offers to renew or continue this policy, **we** will mail notice of nonrenewal to the named insured shown on the **declarations page** at the last known address appearing in **our** records. Proof of mailing will be sufficient proof of notice. If nonrenewal is due to nonpayment of premium or loss of driving privileges through suspension or revocation of the named insured's operator's license or motor vehicle registration, notice will be mailed at least 15 days before the end of the policy period. If nonrenewal is due to any other reason, notice will be mailed at least 60 days before the end of the policy period.

## AUTOMATIC TERMINATION

If **we** or an affiliate offers to renew or continue this policy and **you** or **your** representative does not accept, this policy will automatically terminate at the end of the current policy period. Failure to pay the required renewal or continuation premium when due will mean that **you** have not accepted **our** offer.

If a **covered auto** is sold or transferred to someone other than **you** or a **relative**, any insurance provided by this policy will terminate as to that **covered auto** on the effective date of the sale or transfer.

## LEGAL ACTION AGAINST US

**We** may not be sued unless there is full compliance with all the terms of this policy.

Any action brought against **us** pursuant to coverage under Part III—Uninsured/Underinsured Motorist Coverage must be brought in the county in which the person seeking benefits resides, or in the United States District Court serving that county.

**We** may not be sued for payment under Part I—Liability To Others until the obligation of an insured person under Part I to pay is finally determined either by judgment after trial against that person or by written agreement of the insured person, the claimant, and **us**. No one will have any right to make **us** a party to a lawsuit to determine the liability of an insured person.

If **we** retain salvage, **we** have no duty to preserve or otherwise retain the salvage for any purpose, including evidence for any civil or criminal proceeding.

## OUR RIGHTS TO RECOVER PAYMENT

**We** are entitled to the rights of recovery that the insured person to whom payment was made has against another, to the extent of **our** payment. That insured person may be

30

required to sign documents related to the recovery and must do whatever else **we** require to help **us** exercise those recovery rights, and do nothing after an accident or loss to prejudice those rights.

When an insured person has been paid by **us** and also recovers from another, the amount recovered will be held by the insured person in trust for **us** and reimbursed to **us** to the extent of **our** payment. However, this shall not apply to amounts paid by **us** under Part II—First Party Benefits Coverage unless the payments are subject to the Workers' Compensation Act. If **we** are not reimbursed, **we** may pursue recovery of that amount directly against that insured person.

If an insured person recovers from another without **our** written consent, the insured person's right to payment under any affected coverage will no longer exist.

If **we** elect to exercise **our** rights of recovery against another, **we** will also attempt to recover any deductible incurred by an insured person under this policy unless **we** are specifically instructed by that person not to pursue the deductible. **We** have no obligation to pursue recovery against another for any loss not covered by this policy.

**We** reserve the right to compromise or settle the deductible and property damage claims against the responsible parties for less than the full amount. **We** also reserve the right to incur reasonable expenses and attorney fees in pursuit of the recovery.

If the total recovery is less than the total of **our** payment and the deductible, **we** will reduce reimbursement of the deductible based on the proportion that the actual recovery bears to the total of **our** payment and the deductible. A proportionate share of collection expenses and attorney fees incurred in connection with these recovery efforts will also reduce reimbursement of the deductible.

These provisions will be applied in accordance with state law.

## JOINT AND INDIVIDUAL INTERESTS

If there is more than one named insured on this policy, any named insured may cancel or change this policy. The action of one named insured will be binding on all persons provided coverage under this policy. Any rejection of coverage available under Part III—Uninsured/Underinsured Motorist Coverage should be made by the first named insured.

## BANKRUPTCY

The bankruptcy or insolvency of an insured person will not relieve **us** of any obligations under this policy.

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2026-06712-0 Docketed at Montgomery County Prothonotary on 04/13/2026 10:52 AM, Fee = $304.50. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



**PROGRESSIVE**®
*AUTO*

9611A PA 0216

# Exhibit 2

Case# 2026-06712-3 Docketed at Montgomery County Prothonotary on 04/24/2026 1:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**STARK & STARK, P.C.**
BY:  Joseph A. Cullen, Jr., Esquire
Attorney I.D. No. 82167
2 Caufield Place
Newtown, PA 18940                                        *Attorneys for Plaintiff*
Telephone: (267) 907-9600
Facsimile:  (267) 907-9659
*jcullen@stark-stark.com*

| | |
|---|---|
| **CONNIE CUMMINGS**<br>**582 Schwenksville Road**<br>**Schwenksville, PA 19473**<br><br>             *Plaintiff*<br>**Vs.**<br><br>**PROGRESSIVE ADVANCED**<br>**INSURANCE COMPANY**<br>**300 North Commons Blvd.**<br>**Mayfield Village, OH 44143**<br><br>             **Defendant** | **MONTGOMERY COUNTY**<br>**COURT OF COMMON PLEAS**<br><br><br><br><br>**No.:  2026-06712** |

## CERTIFICATE OF SERVICE

On April 13, 2026, I, Joseph A. Cullen, Jr., Esquire, hereby certify that I served a true and correct, time-stamped copy of a Complaint in the above-captioned matter, on Progressive Advanced Insurance Company, via certified mail, return receipt requested. A true and correct copy of the letter to Progressive Advanced Insurance Company together with the signed green card is attached hereto and marked as Exhibit A, as proof of service.

STARK & STARK

A Professional Corporation

BY: *Joseph A. Cullen, Jr.*

Joseph A. Cullen, Jr., Esquire

Dated: 04-24-2026                        Attorney for Plaintiff

4922-6667-8941, v. 1

Case# 2026-06712-3 Docketed at Montgomery County Prothonotary on 04/24/2026 1:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT A

4914-7398-2786, v. 1

Case# 2026-06712-3 Docketed at Montgomery County Prothonotary on 04/24/2026 1:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**STARK
&STARK** ℠

Joseph A. Cullen, Jr., Esq.
Direct Dial: 267.907.9600
Email: jcullen@stark-stark.com
Janmarie Tossona, Paralegal
Direct Dial: 267.907.9643
Email: JTossona@stark-stark.com

April 13, 2026

*Via Certified Mail, RRR*
Legal Department
PROGRESSIVE ADVANCED INSURANCE COMPANY
300 North Commons Boulevard
Mayfield Village, OH 44143

> **RE:** *Connie S. Cummings v. Progressive Advanced Insurance Company*
> *Montgomery County CCP No.: 2026-06712*
> *Claim No.: 24-8539565*

Dear Sir/Madam:

Enclosed please find a Civil Action Complaint which has been filed against you regarding the above-referenced matter.

Kindly have your assigned counsel contact me upon receipt of this correspondence. Thank you.

Very truly yours,

STARK & STARK

A Professional Corporation

BY: *Joseph A. Cullen, Jr.*

Joseph A. Cullen, Jr., Esquire

JAC/jt
Enclosure

Case# 2026-06712-3 Docketed at Montgomery County Prothonotary on 04/24/2026 1:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Legal Department
PROGRESSIVE ADVANCED
300 North Commons Boulevard
Mayfield Village, OH 44143

9590 9402 9614 5121 2336 87

2. Article Number (Transfer from service label)

9589 0710 5270 2131 5971 73

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
ricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

US POSTAGE
ZIP 18940
02 7W    $013.25
0006026539 APR 13 20

FIRST-CLASS

## First Class Mail

**STARK & STARK** PC
P.O. BOX 5315
PRINCETON, NJ 08543-5315

TO:

Legal Department
PROGRESSIVE ADVANCED INSURANCE COMPANY
300 North Commons Boulevard
Mayfield Village, OH 44143

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)    $
☐ Return Receipt (electronic)    $
☐ Certified Mail Restricted Delivery    $
☐ Adult Signature Required    $
☐ Adult Signature Restricted Delivery $

Postage
$

Total
$

Sent To
Legal Department
PROGRESSIVE ADVANCED
300 North Commons Boulevard
Mayfield Village, OH 44143

Postmark
Here

PS Form 3800, January 2023

Case# 2026-06712-3 Docketed at Montgomery County Prothonotary on 04/24/2026 1:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# EXHIBIT B

4914-7398-2786, v. 1



Case # 2026-06712-3 Docketed at Montgomery County Prothonotary on 04/24/2026 1:06 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.